Robert Farris-Olsen
MORRISON, SHERWOOD, WILSON & DEOLA, PLLP
P.O. Box 557
401 N. Last Chance Gulch
Helena, MT 59624-0557
(406) 442-3261 Phone
(406) 443-7294 Fax
rfolsen@mswdlaw.com

*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION.

| | |
|---|---|
| NICOLE NEWMAN,<br><br>                                      Plaintiff,<br><br>   v.<br><br>FOREST RIVER, INC.; RV WHOLESALERS, LLC; DURNELL'S RV SALES, INC.; and JOHN DOES 1-10<br><br>                                      Defendants | Cause No: CV-25-20-GF-JTJ<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Comes now Plaintiff Nicole Newman, through counsel, and for her complaint against Forest River, Inc. (Forest River); RV Wholesalers, LLC; Durnell's RV Sales, Inc.; and John Does 1-10, and state and allege as follows:

### PARTIES

1. Plaintiff Nicole Newman is a resident of Great Falls, Cascade County, Montana. Anthony Holmes is a resident of East Moline, Illinois.

2. Forest River, Inc., is a domestic corporation which, based in Elkhart, Indiana.

1

Forest River manufactures RVs, toy haulers, campers and fifth wheelers. It advertises the sale of these products at multiple locations across Montana, including at Bish's RV in Great Falls, Cascade County, Montana.

3. RV Wholesalers, LLC, is an Ohio based limited liability company, that advertises the sale of RV and other campers nationwide, including advertising the sale and delivery of its products in Montana.

4. Durnell's RV Sales, Inc., is an Ohio corporation that sold the RV to the Plaintiffs.

## JURISDICTION AND VENUE

5. Plaintiffs bring claims under 15 U.S.C. § 2301, the Magnuson-Moss Warranty Act, which gives this Court jurisdiction by virtue of 28 U.S.C. § 1331. Jurisdiction is also appropriate under 28 U.S.C. § 1332 because Plaintiffs are citizens of Montana and Forest River, Inc. is a citizen of Indiana.

6. The Court has supplemental jurisdiction of state law claims pursuant to 28 U.S.C. § 1367.

7. This Court has jurisdiction over Forest River because Forest River does business in Montana and advertises the sale of its products in multiple locations across the State, including but not limited to Great Falls, Bozeman, and Billings. As part of a Forest River purchase, Forest River also offers emergency roadside service, including in the State of Montana.

8. Venue is appropriate in this district under 28 U.S.C. § 1391 because Plaintiff purchased the product at issue in Montana, giving rise to the claims asserted below.

## GENERAL ALLEGATIONS

9. In 2024, Plaintiffs were looking to purchase RV to utilize while they travelled for work and pleasure. In their search, the found RV Wholesalers, which advertised selling and delivering units to Montana. Based on these representations, Plaintiffs decided they wanted to purchase a 2024 Wildwood Grand Lodge from RV Wholesalers.

10. To purchase the vehicle, Ms. Newman travelled to Ohio on June 21, 2024. At the time she showed up, RV Wholesalers knew that she was from Montana and was purchasing the Wildwood for use in Montana.

11. At the time of purchase, RV Wholesalers had her sign a series of documents with various dates, her signature appears as of June 17, 2024, but the bill of sale has a sale date of June 27, 2024.

12. The Wildwood was advertised as being all season, and Plaintiffs purchased it with an extreme weather package. This included double pane windows, extra insulation and a heated underbelly. Plaintiffs needed this extra protection because they intended to use the RV in all weather conditions, including through Montana's cold winters.

13. As part of the purchase, Plaintiffs paid the have the unit delivered to Great Falls, Montana, and at all times RV Wholesalers and Durnell's knew and intended that the unit would be sold to Montanans and delivered to Montana.

14. In total, Plaintiffs paid $83,074 for the Wildwood, financed at 10.99% interest over 240 months. The purchase agreement indicates the seller is RV Wholesalers, but the retail installment sales contract indicates that the seller of the Wildwood was Durnell's RV.

15. Upon delivery, the Plaintiffs immediately observed that the Wildwood did not possess what they had specifically ordered. It does not have double pane windows, extra insulation or a heated underbelly.

16. In addition, the Wildwood is riddled with defects, including, but not limited to:

    a. The water heater was non-functional because the motor was blown;

    b. The doors are installed incorrectly, and crooked;

    c. The sliding door frame is damaged;

    d. The skirting around the unit is installed incorrectly, leaving gaps around the whole unit;

    e. The windows are generally installed incorrectly with gaps in the rubber seals, allowing in air, and some of the are upside down or moving within the frame;

    f. The slides do not fit properly in the Wildwood and there are gaps so that the outside is visible, and the large slide does not completely seal on the top;

    g. The toilets are installed incorrectly, the ½ bathroom toilet doesn't sit flush with the floor and the seal is ineffective, so the smell of sewage permeates the bathroom, and neither toilet holds water;

    h. The master bathroom leaks water;

    i. The surround sound system does not work;

    j. The washer and dryer are screwed into the floor such that the dryer door does not open, and the washer flooded the bathroom and leaks; and,

    k. The shower is not sealed properly.

17. Those defects are just a few of the problems, there are also defects with respect to the entertainment center, counter/dining room table, cabinets, couch, awning, air conditioning, black and gray water tanks, icemaker, trim, flooring, and gutters.

18. After observing all of these problems, the Plaintiffs began contacting Forest River, and RV Wholesalers/Durnell's RV to remedy the defects. They contacted them regularly for at least two months following the purchase.

19. At one point, the Plaintiffs had to hire a technician to report the defects to Forest River. Based on their communications with Forest River they were told that Forest River would provide a new window and awning, but that Forest River would not pay for the installation. To date, Plaintiffs have not received either the window or awning.

20. RV Wholesalers/Durnell's RV are refusing to repair the items and are insistent that they sent the extreme weather package, which is untrue.

21. To date none of the issues have been fixed, despite written notice via email and oral notice of the defects.

22. These defects are all covered by a limited warranty issued by Forest River, that cover substantial defects. They are also covered under the warranty and/or service contract provided by RV Wholesalers/Durnell's RV at the time of the sale.

23. As a result of the defects, the Plaintiffs have been injured. Their injuries include the purchase price of the unit.

24. Plaintiffs have had to hire an attorney to pursue this matter.

## COUNT ONE – MONTANA CONSUMER PROTECTION ACT

25. The previous paragraphs are realleged as though set forth in full hereunder.

26. The Montana Consumer Protection Act ("MCPA") prohibits unfair or deceptive acts or practices in trade or business. § 30-14-103, MCA.

27. Plaintiffs purchased the fifth-wheel for personal, household and family purposes. Plaintiffs are "consumers" under the MCPA.

28. Defendants were engaged in "trade or commerce" under the MCPA.

29. Defendants' unfair and deceptive acts and practices include, but are not limited to:

    a. Selling Plaintiffs a defective trailer;

    b. Failing to repair it in a timely manner;

    c. Failing to honor the express warranties;

    d. Representing that the trailer was sold with an extreme weather package;

      e. Violating the Magnuson-Moss Warranty Act; and,

      f. Violating the implied warranties.

30. Defendants are in violation of the MCPA, and pursuant to § 30-14-133, MCA, Plaintiffs are entitled to their actual damages plus interest, up to three times actual damages, equitable relief as the Court deems appropriate, and attorney's fees.

31. Plaintiffs are entitled to statutory interest pursuant to § 25-9-205, MCA.

## COUNT TWO – NEGLIGENT MISREPRESENTATION
**(as to Defendants RV Wholesalers and Durnell's RV)**

32. The previous paragraphs are realleged as though set forth hereunder.

33. Defendant RV Wholesalers and Durnell's RV made representations to Plaintiffs that the fifth-wheel was in good working condition and was merchantable, could be used to live in, and that it had an extreme weather package.

34. These representations were untrue.

35. RV Wholesalers and Durnell's RV should have known these representations were untrue.

36. Plaintiffs relied on these representations.

37. Plaintiffs sustained damage because of their reliance on these representations.

38. Plaintiffs are entitled to damages these negligent misrepresentations.

## COUNT THREE—BREACH OF WARRANTY

39. The previous paragraphs are realleged as though set forth hereunder.

40.   Plaintiffs purchased a new RV that is not functional because of the defects alleged above.

41.   Defendants breached the written warranties of sale and the implied warranties accompanying sale and repair, and such breaches are actionable under the Uniform Commercial Code and contract law.

42.   Plaintiffs are entitled to damages for Defendants' breach of warranty.

## COUNT FOUR—MAGNUSON-MOSS WARRANTY ACT

43.   The previous paragraphs are realleged as though set forth hereunder.

44.   Plaintiffs are purchasers of a consumer product.

45.   Plaintiffs are "consumers" under 15 U.S.C. §§ 2301(3).

46.   Defendants are "warrantors" under 15 U.S.C. §§ 2301(5).

47.   Defendants have failed to comply with the express and implied warranties as to the RV and have breached the provisions of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et. seq*.

48.   Defendants are therefore liable to Plaintiffs for their actual damages, their costs and expenses incurred in bringing this suit, as well as their attorney fees and punitive damages under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d).

## COUNT FIVE —BREACH OF CONTRACT
### (as to Defendants RV Wholesalers and Durnell's RV)

49.   The previous paragraphs are realleged as though set forth in full hereunder.

50.   The Wildwood is a "good." § 30-2-105(1), MCA.

51. Plaintiffs and RV Wholesalers and Durnell's RV had a contract for the sale and purchase of the RV.

52. Sale of the Wildwood is subject to the Uniform Commercial Code (U.C.C.) because it involved a contract for sale of a good. § 30-2-106(1), MCA.

53. A consumer/buyer may reject goods for nonconformity. § 30-2-601(a), MCA.

54. The Wildwood failed to conform to the contract.

55. Plaintiffs rejected the Wildwood for nonconformity.

56. Plaintiffs are entitled to damages based on their rightful rejection.

## COUNT SIX – PUNITIVE DAMAGES

57. The previous paragraphs are realleged as though set forth in full hereunder.

58. As set forth above, the Defendants engaged in actual malice, in that they had knowledge of facts or intentionally disregarded facts that created a high probability of injury to Plaintiffs and deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to them or acted with indifference to the high probability of injury to them.

59. As set forth above, Defendants engaged in actual fraud.

60. The Defendants are liable to Plaintiffs for punitive damages, pursuant to §§ 27-1-220 & 221, MCA.

WHEREFORE, Plaintiffs pray for Judgment against Defendants:

1. For actual damages and statutory damages in an amount to be determined at trial;

2.       For treble actual damages pursuant to the MCPA;

3.       For attorney fees pursuant to the MCPA and Magnuson Moss Warranty Act;

4.       For interest on damages pursuant to § 25-9-205, MCA;

5.       For general damages in an amount to be determined at trial;

6.       For punitive damages in an amount to be determined at trial;

7.       And for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to F. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury of the issues triable by right by jury.

DATED: March 21, 2025

        Respectfully Submitted,

        MORRISON SHERWOOD WILSON DEOLA, PLLP

        /s/ Robert Farris-Olsen
        Robert Farris-Olsen
        *Attorney for Plaintiff*